UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AMR MOHSEN,<br><br>        Appellant,<br><br>    v.<br><br>CAROL WU,<br><br>        Trustee. | Case No. 15-cv-01140-LHK<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 11 |

Before the Court is Appellant Amr Mohsen's ("Appellant") motion for leave to file motion for reconsideration of this Court's denial of Appellant's renewed motion for leave to proceed in forma pauperis ("IFP"). ECF No. 9. Having considered Appellant's motion, the relevant law, and the record in this case, the Court DENIES Appellant's motion for leave to file motion for reconsideration.

**I.    BACKGROUND**

On March 11, 2015, Appellant filed a notice of appeal from the Bankruptcy Court. The Ninth Circuit Bankruptcy Appellate Panel transferred the instant action to this Court for the limited purpose of ruling on Appellant's IFP application, as Appellant had appealed the Bankruptcy Court's decision to the Bankruptcy Appellate Panel. *See* ECF No. 4.

1

Case No.15-CV-01140-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

Appellant filed an IFP application on March 11, 2015. On April 9, 2015, the Court denied without prejudice Appellant's IFP application. ECF No. 5. In the Court's April 9, 2015 order, the Court noted that the Ninth Circuit had previously denied Appellant's IFP applications in two separate appeals in August 2011 and February 2014. In both Ninth Circuit appeals, Trustee Wu submitted declarations in opposition to Appellant's IFP applications stating that Appellant owned real property in Egypt worth $125,000 that was lien free. *See* No. 11-60013, ECF No. 4; No. 13-17256, ECF No. 5. In light of Appellant's failure to acknowledge the property in the IFP application before this Court, the Court denied Appellant's application without prejudice to give Appellant an opportunity to address whether Appellant's financial circumstances had changed.

Appellant filed a renewed IFP application on April 23, 2015. ECF No. 8. On May 1, 2015, the Court denied with prejudice Appellant's IFP application for failure to demonstrate any material change in his financial conditions since the time the Ninth Circuit had denied two of Appellant's prior IFP applications. ("May 1, 2015 Order"), ECF No. 9. Appellant submitted a declaration indicating that he did not own or control the valuable piece of real property in Egypt, but the Court concluded that the Ninth Circuit had apparently found a nearly verbatim declaration unpersuasive on two separate occasions. *Id.*

Appellant filed the instant "motion for reconsideration" of the Court's May 1, 2015 order on May 26, 2015. ECF No. 11. As Appellant is pro se, the Court treats the instant motion as a motion for leave to file a motion for reconsideration, as required under the Northern District's Civil Local Rules.

**II.     LEGAL STANDARD**

Civil Local Rule 7–9(a) states: "Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order.... No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Civil Local Rule 7–9(b) provides three grounds for reconsideration of an interlocutory order:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Rule 7–9(c) further requires that "[n]o motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." Whether to grant leave to file under Rule 7–9 is committed to the Court's sound discretion. *See Montebueno Mktg., Inc. v. Del Monte Corp.–USA*, 570 F. App'x 675, 676 (9th Cir. 2014).

## III.   DISCUSSION

In support of his motion, Appellant appears to be arguing that reconsideration is appropriate under 7–9(b)(1), based on "new" facts not presented to the Court in Appellant's prior briefing. More specifically, Appellant contends that statements by the Trustee regarding the Trustee's inability to sell the Egyptian property explain why Appellant should qualify for IFP status, notwithstanding Appellant's apparent ownership interest in the property.

Appellant quotes Trustee Wu's motion to abandon real property, filed in one of Appellant's bankruptcy cases. Br. Case No. 05-50662-SLJ, ECF No. 314. Appellant quotes a portion of the Trustee's motion that states:

> [T]he Trustee has been unable to sell the property because it appears that the only way of doing so would be to open a legal proceeding in Egypt, retain Egyptian counsel and proceed to enforce Bankruptcy Code Section 541 in an Egyptian court to change title before marketing the property. The Trustee does not believe that it is cost-effective to do so.

*Id.* at 1–2. Appellant contends that he is unable to control the property in Egypt for the same reasons that the Trustee was unable to sell the property. However, Appellant fails to quote the

3
Case No.15-CV-01140-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

more relevant parts of the Trustee's motion explaining that "The debtor listed the Subject Property in his Schedule A as having a market value of $125,000 with no secured debt against it," and that the reason why real estate firms in Egypt would not cooperate with the Trustee was because "Trustee was not the owner of record of the subject property." *Id.* The Trustee further explained that "the debtor never cooperated with the Trustee, never provided documents of title or any other documents relating to the property of any use and has never turned over any revenue collected by him, if any, for the property." *Id.* The Bankruptcy Court granted the Trustee's motion, which resulted in the property being "abandoned" *back to* Appellant. *See* Br. Case No. 05-50662-SLJ, ECF No. 321.

The Trustee's statements regarding her inability to persuade Egyptian real estate brokers to cooperate with the Trustee because the Trustee was "not the owner of record," does not explain why Appellant, who listed the property as belonging to him in his Schedule A, would be unable to control, benefit from, or sell the property. As the Court noted in its May 1, 2015 Order, Appellant provided nearly identical declarations regarding his financial status and "control" over the Egyptian property to the Ninth Circuit, and the Ninth Circuit found Appellant's explanation insufficient on two separate occasions. *See* May 1, 2015 Order at 2. Appellant's reference to the Trustee's motion to abandon the property back to Appellant does not present a "material difference in fact" from that which was presented to the Court on either Appellant's initial or renewed applications for IFP status. *See* Civ. L.R. 7–9(b)(1).

Furthermore, the Court further notes that Appellant's motion does not dispute the Court's prior conclusion that Appellant receives substantial monetary gifts from family members. The Court stated in its May 1, 2015 Order that at the time the Ninth Circuit denied Appellant's prior two IFP applications, Appellant received "gifts" "totaling approximately $200 a month," which Appellant appears to continue to receive. *See* May 1, 2015 Order at 2. Appellant now declares that he does not expect "any family gifts to increase in the future," and that Appellant expects "the family gifts to decrease this year," but does not contest that Appellant still receives a substantial sum of money from his family each month. *See* ECF No. 11. Based on Appellant's submissions,

the Court again concludes that Appellant's financial conditions have not materially changed since the Ninth Circuit denied his prior IFP applications, and that Appellant has failed to identify any materially different fact or law that would support reconsideration of the Court's decision.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Appellant's motion for leave to file motion for reconsideration.

**IT IS SO ORDERED.**

Dated: June 9, 2015

_____
LUCY H. KOH
United States District Judge